UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GENE WILLIAMS ON BEHALF OF PAMELA TOWNSEND, DECEASED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:15-CV-277-TLS |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order [ECF No. 29], filed on December 4, 2017. For the reasons stated in this Opinion, the Plaintiff's Application for Attorney's Fees will be granted.

**BACKGROUND**

This case has an extensive procedural history going back over fifteen years, the details of which are set forth in the Court's Opinion and Order of September 5, 2017 [ECF No. 27], remanding this case to the administrative law judge ("ALJ") for further review. In its Opinion and Order, the Court disagreed with the Plaintiff on each of his arguments. However, the Court found that the ALJ failed to affirmatively ask the Vocational Expert ("the VE") whether there were any possible conflicts with her conclusions and the Dictionary of Occupational Titles ("the DOT"). Thus, the Court remanded the case back to the ALJ to "satisfy her affirmative obligation under SSR 00-4p to inquire about all conflicts in occupational information at the hearing level, as

part of the ALJ's duty to fully develop the record and inquire, on the record, as to whether or not there is such consistency." (*See* ECF No. 27 at 29 (internal quotations omitted).)

Because the Plaintiff was the prevailing party in his appeal from the final decision of the Commissioner, on December 4, 2017, the Plaintiff filed an Application for Attorney's Fees, Paralegal Fees, and Costs Under the Equal Access to Justice Act [ECF No. 29], seeking an award of $7,436.30 in attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. On December 7, 2017, the Defendant filed an Opposition [ECF No. 30], and on December 18, 2017, the Plaintiff filed a Reply [ECF No. 31].

## STANDARD OF REVIEW

The EAJA provides for an award of reasonable attorney's fees and expenses to a "prevailing party in any civil action brought . . . against the United States or any agency or any official of the United States," 28 U.S.C. § 2412(b), where the government's position was not "substantially justified" and where no "special circumstances make an award unjust," 28 U.S.C. § 2412(d)(1)(A). This language and remaining provisions of the statute grant district courts the discretion to award attorney's fees if four elements are established: (1) the claimant is a "prevailing party"; (2) the government's position was not substantially justified; (3) there are no special circumstances making an award unjust; and (4) the fee application is submitted to the court within thirty days of final judgment and is supported by an itemized statement. *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004).

Under the EAJA, there is no presumption that a party who prevails against the Government will recover attorney's fees, but the Government bears the burden of proving that its

position satisfies the substantially justified standard. *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (citations omitted). It is important to note that the Government's position need not be correct to be justified and that it is "substantially justified" if it has a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). However, the Commissioner's position must be stronger than merely non-frivolous; it must be "justified to a degree that could satisfy a reasonable person." *Id.* Substantially justified does not mean justified to a "high degree," and the standard of substantially justified is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). Thus, there is a category of cases in which "[the Government] could take a position that is substantially justified, yet lose." *Pierce*, 487 U.S. at 569.

EAJA fees may be awarded if either the Government's pre-litigation conduct or its litigation position was not substantially justified, and the ALJ's decision constitutes part of the agency's pre-litigation conduct. *Cunningham v. Barnhart*, 440 F.3d 862, 863–64 (7th Cir. 2006). However, because the district court is to make only one determination for the entire civil action,

> fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

*Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Seventh Circuit has set forth a three-part standard for reviewing the Government's position; the Government must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable

3

basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski*, 382 F.3d at 724.

## DISCUSSION

**A.      The Government's Position**

In their briefs addressing the Plaintiff's request for attorney's fees, the parties dispute whether the Government's position was substantially justified. There appears to be no dispute that the Plaintiff is the prevailing party, that no "special circumstances" apply that would make an award unjust, and that the Plaintiff's fee application was timely.

The basis for the Court's remand was the failure of the ALJ to perform an affirmative duty. The Social Security Regulations ("the SSR") "impose[] an affirmative duty squarely on the ALJ to ask the vocational expert at the hearing about whether her testimony is consistent with the DOT. If not, the ALJ must ask for additional explanations and support for the vocational expert's different view." *Morton v. Barnhart*, No. 1:03-CV-0995, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005) (citing SSR 00-4p). "Where the remand results from a straightforward failure to comply with the specific requirements of SSR 00-4p, the Commissioner's position, both before and during litigation, has not been substantially justified." *Id.* (citing *Golembiewski*, 382 F.3d at 724); *see also Cruz v. Astrue*, No. 2:09-CV-262, 2011 WL 1157463, at *5 (N.D. Ind. Mar. 29, 2011) (finding failure to comply with SSR 00-4p not substantially justified); *Simms v. Astrue*, No. 2:08-CV-94, 2009 WL 1659809, at *6 (N.D. Ind. June 12, 2009) (same); *Davenport v. Astrue*, No. 2:07-CV-64, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (finding the

4

Commissioner's position not substantially justified where vocational expert failed to answer the ALJ's question regarding inconsistencies with the DOT).

The Court thus finds that the Government has failed to meet its burden of showing that its position throughout the litigation (including its pre-litigation conduct) was substantially justified. Because the Plaintiff is the prevailing party and timely applied for attorney's fees, the Government's position was not substantially justified, and no special circumstances make an award of attorney's fees unjust, the Court will grant the Plaintiff's Application for Attorney's Fees, Paralegal Fees, and Costs Under the Equal Access to Justice Act.

### B.      Reasonableness of the Plaintiff's Request

The Plaintiff has requested an award of $7,436.30 in attorney's fees for work performed in this case. This sum includes the following: attorneys ($6,967.30 for 36.1 hours at $193.00 per hour); paralegals ($99.00 for 1.1 hours at $90.00 per hour); and the filing fee ($400.00). The Plaintiff has submitted supporting materials, including a time log and an affidavit regarding the reasonableness both as to the time and the hourly rates charged. The Commissioner has not contested this sum or its calculation.

The Plaintiff's attorney has the burden of proving that the EAJA fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(b) & (d)(1)(B). The Supreme Court has observed that hours "'not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" *Id.* at 434 (quotation omitted) (emphasis in original). The prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, *id.*, but the

amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters," *id.* at 437.

In addition to reviewing the motions and other filings in this case, the Court has reviewed the supporting materials submitted by the Plaintiff with his Application for fees and the briefing submitted by the parties. The Court finds that the total hours expended on this case are reasonable.

As to the hourly rates, the $193.00 hourly rate for attorneys sought by the Plaintiff is above the statutory rate of $125.00. The Plaintiff has, however, submitted calculations that this rate results from making the appropriate cost of living adjustments to the statutory rate, and the Government has not objected. *See* 28 U.S.C. § 2412(d)(2)(A). The Court will therefore employ these hourly rates for the time spent by the attorneys in this case.

For these reasons, the Court will calculate the attorney's fees as follows: $6,967.30 for 31.6 hours of attorney time at $193.00 per hour, $99.00 for 1.1 hours of paralegal time at $90.00 per hour, and $400.00 in costs. The Court will thus award the Plaintiff $7,436.30 in attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Application for Attorney's Fees, Paralegal Fees, and Costs Under the Equal Access to Justice Act [ECF No. 29] is GRANTED. The Court AWARDS the Plaintiff attorney's fees and costs in the amount of $7,436.30 to be made payable to the Plaintiff's attorney, Randall S. Forbes.

SO ORDERED on January 16, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT